IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIE G. DANTZLER | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | CIVIL NO. 07-cv-824-GPM |
| vs. | ) | |
| | ) | CRIMINAL NO. 02-cr-30023-GPM |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court for preliminary review of Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). *See* Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts. Also before the Court is Petitioner's motion to proceed *in forma pauperis* (Doc. 2).

### I. BACKGROUND.

On June 13, 2002, a jury found Petitioner guilty of being a felon in possession of a gun in violation of 18 U.S.C. § 922(g)(1). Petitioner was sentenced to 210 month term of imprisonment, 5 years supervised release, a $5,000 fine, and a $100 special assessment. Petitioner's conviction and sentence were affirmed on direct appeal by the Seventh Circuit Court of Appeals. *See United States v. Dantzler*, No. 03-2358 (7th Cir.) (Order dated Dec. 27, 2005, affirming conviction; and Order dated March 7, 2006, affirming judgment). On October 2, 2006, the Supreme Court denied Petitioner's motion for a writ of certiorari. *See Dantzler v. United States*, 549 U.S. 861 (2006). On November 27, 2006, the Supreme Court denied Petitioner's motion for rehearing. *Dantzler v. United*

*States*, 549 U.S. 1072 (2006).

On October 22, 2007, Petitioner filed a motion to recall the mandate with the Seventh Circuit Court of Appeals. *United States v. Dantzler,* No. 03-2358 (7th Cir., Oct. 22, 2007). On November 7, 2007, the Seventh Circuit denied Petitioner's motion to recall the mandate. *Id*. (November 7, 2007). Petitioner filed the instant § 2255 motion with this Court on November 26, 2007. The motion sets forth three grounds for relief: (1) that he was denied his right to appeal because the Clerk did not submit certain transcripts to the Court of Appeals; (2) that, without Petitioner's knowledge, the Government and his defense counsel filed a joint motion to exclude witnesses whose testimony would have tended to exonerate Petitioner; (3) that the firearm did not travel in interstate commerce; and (4) that this Court constructively amended the indictment.

## II. DISCUSSION.

Before the passage of the Antiterrorism and Effective Death Penalty Act, Pub. L 104-132, 110 Stat. 1214 ("the Act"), a motion under § 2255 could be brought at any time. After the Act was passed on April 24, 1996, however, § 2255 now provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented

could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

As noted above, the Supreme Court denied Petitioner's application for a writ of certiorari on October 2, 2006. Although Petitioner filed a motion for rehearing with the Supreme Court, the filing of a motion for rehearing has no effect on whether Petitioner's conviction has become final for purposes of § 2255. *Robinson v. United States*, 416 U.S. 645, 648-50 (7th Cir. 2005). Therefore, Petitioner's conviction became final on October 2, 2006. *Id.* at 650. Petitioner did not file the instant § 2255 motion until November 26, 2007 - one year and nearly two months after his conviction became final.

That Petitioner filed a motion to recall the mandate the Seventh Circuit does not affect the calculation of the one-year limitations period. If the limitations period under § 2255 were so easily tolled, then a petitioner could simply file motions (even ones with no chance of success) to extend the limitations period beyond one year and, effectively, eviscerate the limitations period. Even if the motion to recall the mandate did extend the limitations period, however, the motion to recall the mandate was only pending in the Seventh Circuit Court of Appeals for only 17 days. Adding 17 days to the time in which Petitioner could file his § 2255 motion extends the deadline only to October 19, 2007. Again, because the instant § 2255 motion was not filed until November 26, 2007, the instant motion was filed too late.[1]

---

[1] Although Petitioner asserts that the District Court failed to transmit certain transcripts to the Court of Appeals, Petitioner asserts that he discovered this before the Court of Appeals affirmed his conviction and sentence. Therefore, the alleged failure of the District Court to transmit certain transcripts to the Circuit Court does not extend the one-year period of limitations.

### III.  CONCLUSION.

Petitioner's motion to proceed *in forma pauperis* is **GRANTED**.  The instant motion, however, is barred by the statute of limitations, and this Court lacks jurisdiction to entertain it.  Accordingly, Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

This actions is **DISMISSED on the merits**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** 12/29/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge