## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIE G. DANTZLER** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 07-cv-824-GPM** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 02-cr-30023-GPM** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Petitioner, Willie G. Dantzler, has appealed this Court's final judgment which dismissed his 28 U.S.C. § 2255 motion (*see* Docs. 7, 8); now he seeks a certificate of appealability (*see* Doc. 9).

Pursuant to 28 U.S.C. § 2253, "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). Rule 22 of the Federal Rules of Appellate Procedure provides, in pertinent part:

> [I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

Fed. R. App. P. 22(b)(1).

"A certificate of appealability may issue . . . only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Young v. United States*, 124 F.3d 794, 798-99 (7th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991-92 (7th Cir. 1996). A substantial showing of the denial of a constitutional right for purposes of the statute means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). *Cf. Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001); *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000).

Petitioner's motion was dismissed because the Court found it to be untimely. The Court cannot find that he has made a substantial showing of the denial of a constitutional right, and therefore his request for a certificate of appealability will be denied.

To conclude, the motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) (Doc. 9) is **DENIED**. Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Clerk of Court is **DIRECTED** to mail a copy of this Order to the United States Court of Appeals for the Seventh Circuit; Petitioner may renew his request for a certificate of appealability in the Court of Appeals.

**IT IS SO ORDERED.**

DATED: 2/5/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge